## Gano *v.* Lidalia Coal Company, Appellant.

*Principal and surety—Bond—Suspension of an injunction order —Liability of surety.*

Where, on a bill in equity, it appears that the defendant, a coal company, had agreed with the plaintiff to ship its whole output to parties designated by the plaintiff who has to collect the proceeds of the sales, deduct commissions, and remit the balance to the defendant, and it also appears that the court had issued against the defendant an injunction order restraining it from shipping coal to other parties than those designated by the plaintiff, and that the court subsequently suspended the injunction, on the defendant's filing a bond conditioned "for the protection of the proper interests of the plaintiff," and the bond entered was conditioned to protect the plaintiff from any loss that might be sustained "by reason of the said suspension of the said injunction," the surety on the bond thus entered will be liable for a loss sustained by the plaintiff by reason of improper shipments of coal by the defendant after the bond was entered.

Argued Oct. 10, 1916.    Appeal, No. 410, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1915, No. 2864, for plaintiff on demurrer in case of Charles C. Gano and William H. Moore, Copartners, trading as Gano, Moore & Company, v. Lidalia Coal Co. and Fidelity & Deposit Company.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit on a bond.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on demurrer.

*Stanley Williamson,* for appellants.—The damages recoverable are those which are the direct, proximate and

natural consequence of the suing out of the injunction and that those which are remote and speculative, are not recoverable: Sensenig v. Parry, 113 Pa. 115; Morgan v. Negley, 53 Pa. 153.

If an injunction bond is held strictly to its terms, as against the surety, so might the bond to suspend the injunction: Wood v. Hollander, 19 S. W. 551.

The liability of a surety on an injunction bond must be strictly construed: Columbus H. V. Tr. Co. v. Burke, 54 Ohio 98.

*C. W. Van Artsdalen*, with him *W. H. Raysay*, for appellees.—Where a bond is given in pursuance of the provisions of another contract, it should be construed in conjunction therewith so as to give it its intended scope: Warriner v. Mitchell, 128 Pa. 153; Stocker v. Dech, 167 Pa. 212.

OPINION BY KEPHART, J., December 18, 1916:

This is an action of assumpsit on a bond, given by the defendant under an order of the court in an equity proceeding, to secure the suspension of an injunction restraining the defendant coal company from shipping coal to persons other than those designated in the orders of the plaintiff. The bond recited the proceeding in equity, the restraining order and the order suspending the injunction, which contained the following paragraph: "If the defendant company will file a bond with sufficient surety to be approved by the court in the sum of one thousand ($1,000.00) dollars, condition for the protection of proper interests of the plaintiff," then the injunction was to be suspended. The condition of the bond was to protect the plaintiff "from loss or injury caused by said suspension of the injunction, and pay or cause to be paid to them such loss as they may sustain, if any, by reason of the said suspension of said injunction." The bond, through the proceeding there mentioned, gave the surety company notice of the "proper interests" of

the plaintiff, which might be injured by the suspension of the injunction. In that proceeding it appeared that the plaintiffs had a contract with the coal company for its entire output, to be shipped to parties designated by the plaintiff. The commission on such sales was ten cents per ton. Under the agreement the plaintiffs were to collect the amount due on such shipments and after deductions of commission and advances they were to remit on the 20th of each month to the coal company. Plaintiffs guaranteed the payment of the amount due from such sales. Through some dissatisfaction the coal company shipped to persons other than those mentioned in the orders of the plaintiffs. It appeared that on March 31, 1913, the coal company received and approved an order for 36,000 tons of coal with monthly shipments of 3,000 tons, and other orders from plaintiffs, part of which were unfilled when the injunction was granted. After the suspension order was made, the coal company continued to violate its contract and ship to others than those directed by the plaintiffs. It was found that from October 22, 1913, when the bond was filed, to March 31, 1914, when the first order should have been filled, 13,-348.7 tons were thus shipped, on account of which plaintiffs claim they sustained a loss of $1,334.87, for which the surety was liable to the extent of the penal sum of its bond.

It is clear that the plaintiffs had amply protected their commissions under the contract, which required the money from the sales to pass through their hands, from which they could deduct commissions and advances. This protection was taken from them when the coal company was permitted to continue their unlawful sales. The plaintiffs had no right to commissions, as such, on these sales. Then damages arose directly through the suspension order, as the plaintiffs were entitled to have their orders filled, and were entitled to the output of the mine. It follows that the loss sustained was within the terms of the bond given in pursuance of the suspension order.

The statement, as it recited all the facts, set forth a good cause of action, and the court below did not err in overruling the demurrer, and subsequently entering judgment.

The assignments of error are overruled and the judgment is affirmed.